1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7   SYNERGY PROJECT MANAGEMENT,          Case No. 17-cv-06763-JST
    INC.,
8                                        **ORDER TO FILE SUPPLEMENTAL**
                    Plaintiff,           **JURISDICTIONAL BRIEF**
9
          v.                             Re: ECF No. 159
10
    CITY AND COUNTY OF SAN
11  FRANCISCO, et al.,
12                  Defendants.
13

14        Plaintiff Synergy Project Management, Inc. has filed an emergency motion for a temporary

15  restraining order, order to show cause, and preliminary injunction.  ECF No. 159.  Synergy seeks

16  an order requiring Defendants City and County of San Francisco and Mayor London Breed to (1)

17  confirm that they have sought and obtained correspondence from Mayor Breed's personal

18  computer and personal email account related to the matters in Synergy's case, (2) take immediate

19  steps to preserve any such correspondence, and (3) certify their preservation of such

20  correspondence.  ECF No. 159-2.

21        "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of*

22  *Am.*, 511 U.S. 375, 377 (1994). The district court is under a continuing duty to establish its own

23  subject matter jurisdiction.  *Krug v. Woods*, 9 F.3d 1552 (9th Cir. 1993).

24        The basis for federal jurisdiction is not apparent from the face of the motion, given that

25  there currently are no active claims pending before this Court.  On November 21, 2019, the Court

26  dismissed with prejudice all of Synergy's federal claims and remanded Synergy's state law claims.

27  ECF No. 128 at 15-16.  Synergy has appealed the Court's final judgment, *see* ECF No. 132, and

28  oral argument is scheduled to be heard in that appeal on April 26, 2021.  *See* Case No. 19-17558,

United States District Court
Northern District of California

1   Dkt. No. 60.[1]  Synergy's state law claims are pending in the San Francisco County Superior Court.

2   *See* ECF Nos. 131, 143-2.

3        Synergy's only proffered basis for jurisdiction is Federal Rule of Civil Procedure 62(d).[2]

4   ECF No. 159 at 7.  Rule 62(d) states that "[w]hile an appeal is pending from an interlocutory order

5   or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or

6   modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for

7   bond or other terms that secure the opposing party's rights."  Rule 62(d) does not apply because

8   the Court's final judgment did not involve an injunction.

9        Synergy is ordered to file a supplemental brief by no later than April 11, 2021, identifying

10  the basis for this Court's jurisdiction.  Defendants may, but are not required to, file a responsive

11  brief by April 15, 2021.

12       **IT IS SO ORDERED.**

13  Dated:  April 7, 2021

14

15                            JON S. TIGAR
                       United States District Judge

---

[1] The Court notes that Synergy has also filed a motion for a relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for an indicative ruling pursuant to Rule 62.1.  ECF No. 138.  That motion is under submission.

[2] Although Synergy's papers cite to Federal Rule of Civil Procedure 62(c), the language they quote is from Rule 62(d).  This may be due to Synergy's reliance on a case issued prior to the 2018 amendment to Rule 62 which reorganized the subdivisions.  *See* ECF No. 159 at 7 (citing *Christian Sci. Reading Room Jointly Maintained v. City & County of San Francisco*, 784 F.2d 1010, 1017 (9th Cir.), *amended*, 792 F.2d 124 (9th Cir. 1986)).

United States District Court
Northern District of California